UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

IRIS FAIR, ET AL                              CIVIL ACTION NO. 09-cv-2018

VERSUS                                        JUDGE HICKS

BART ALLEN, ET AL                             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Defendants removed this personal injury action based on an assertion of diversity jurisdiction, so they bear the burden of setting forth the facts necessary to ensure that the parties are actually diverse. Defendants describe all three Plaintiffs as domiciliaries of Louisiana and allege that Defendant Bart Allen is domiciled in Mississippi. Domicile is equivalent to citizenship for purposes of diversity jurisdiction, so the citizenship of the individual parties is alleged in proper form.

Defendant Gator Sign Company, Inc. is described in the Notice of Removal as "a foreign entity, not licensed to do business in Louisiana." That description is not adequate to determine Gator's citizenship. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish

diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). See also Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988) ("In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation").

The Notice of Removal describes Defendant Nationwide Mutual Insurance Company as "a foreign insurance company, in Columbus, Ohio." The pleading does not state whether the company is a corporation or some other form of legal entity. If it is a corporation, Nationwide should say so and then identify the state which it is incorporated and where it has its principal place of business. If Nationwide is not a corporation but some other form of legal entity, it should state with specificity the form of legal entity and then assert its citizenship in accordance with the rules applicable to that entity.

Defendants will be permitted until **January 27, 2010** to file an Amended Notice of Removal and attempt to set forth the citizenship of the parties in accordance with the rules discussed above. The court will then review the submission and, if diversity is established, set a scheduling conference. If diversity is not established, the case may be subject to remand.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of January, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE