UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| IRIS FAIR, ET AL. | CIVIL ACTION NO. 09-2018 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BART ALLEN, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before this Court is a Motion for Partial Summary Judgment as to 100% Liability of the Defendants [Record Document 27] filed by Plaintiffs, Iris Fair, Andrew Fair, and Anita Wright. The Defendants have responded to the motion. For the reasons discussed herein, the Plaintiffs' Motion for Partial Summary Judgment is **GRANTED**.

## FACTUAL BACKGROUND

On November 24, 2008, an automobile collision occurred on U.S. Highway 79 in Claiborne Parish, Louisiana. [State Court Petition ¶¶ 3-4]. Bart Allen was traveling northbound on U.S. Highway 79. His vehicle was allegedly directly behind the vehicle being driven by Iris Fair. [State Court Petition ¶ 4]. Bart Allen allegedly struck the rear of the vehicle driven by the petitioner, Iris Fair. Anita Wright was a guest passenger in the Fair Vehicle. [State Court Petition ¶ 4]. Iris Fair was allegedly stopped on U.S. Highway 79 to make a left turn onto West 4th Street at the time of the collision. [State Court Petition ¶ 4].

In their motion for partial summary judgment, the Plaintiffs assert "there is no genuine issue of material fact as to the 100% liability of the defendant driver, Bart Allen, and thus, the plaintiffs are entitled to a judgment on the issue of 100% liability as a matter of law against the aforementioned defendants." [Record Document 27-1 at 1].

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id., 477 U.S. at 322, 106 S. Ct. at 2552. If the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the motion is properly made, however, Rule 56 requires the nonmovant to go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). While the nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence, Little, 37 F.3d at 1075, Wallace, 80 F.3d at 1047, all factual controversies must be resolved in favor of the nonmovant. Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005).

## LAW AND ANALYSIS

The Defendants' response to this motion does not appear to be an opposition. According to the Defendants, they "have never denied that Bart Allen struck the rear of the plaintiff's vehicle." [Record Document 34 at 1]. "As plaintiffs well know, the issues in this matter are of damages, not liability." [Record Document 34 at 2]. This Court agrees there is no genuine dispute as it pertains to liability. Partial summary judgment is appropriate on this matter.

## CONCLUSION

The Court finds there are no genuine disputes of material fact as to the liability of Bart Allen. The Defendants right to present a vigorous defense as to the extent of damages suffered by the Plaintiffs in this accident remains unaffected by this ruling.

Accordingly,

**IT IS ORDERED** that the Motion for Partial Summary Judgment as to 100% Liability of the Defendants [Record Document 27] be and is hereby **GRANTED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 30th day of December, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE