UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| IRIS FAIR, ET AL. | CIVIL ACTION NO. 09-2018 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BART ALLEN, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before this Court is a Second Motion in Limine to Prohibit and/or Exclude Evidence [Record Document 46] filed by Plaintiffs, Iris Fair, Andrew Fair, and Anita Wright (the "Fair Plaintiffs"). The Defendants have responded to the motion. For the reasons discussed herein, the Plaintiffs' Motion in Limine is **DENIED IN PART AND GRANTED IN PART**. Plaintiffs may re-urge their objections at the appropriate time during trial.

## FACTUAL BACKGROUND

On November 24, 2008, an automobile collision occurred on U.S. Highway 79 in Claiborne Parish, Louisiana. [State Court Petition ¶¶ 3-4]. Bart Allen was traveling northbound on U.S. Highway 79. His vehicle was allegedly directly behind the vehicle being driven by Iris Fair. [State Court Petition ¶ 4]. Bart Allen allegedly struck the rear of the vehicle driven by the petitioner, Iris Fair. Anita Wright was a guest passenger in the Fair Vehicle. [State Court Petition ¶ 4]. Iris Fair was allegedly stopped on U.S. Highway 79 to make a left turn onto West 4th Street at the time of the collision. [State Court Petition ¶ 4].

**MOTIONS IN LIMINE**

The Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." Collins v. Wayne Corp., 621 F.2d 777, 784 (5th Cir.1980). The Collins court further explained that

> When a party files numerous motions in limine, the trial court may not pay close attention to each one, believing that many of them are purely hypothetical. Thus, a party whose motion in limine has been overruled must object when the error he sought to prevent with his motion in limine is about to occur at trial. This will give the trial court an opportunity to reconsider the grounds of the motion in light of the actual instead of hypothetical circumstances at trial.

Id.; accord C.P. Interests, Inc. v. Cal. Pools, Inc., 238 F.3d 690, 697 n. 5 (5th Cir.2001).

Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds. Hawthorne Partners v. AT & T Tech., Inc., 831 F.Supp. 1398, 1400 (N.D.Ill.1993) (citing Luce v. United States, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)). Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context. Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir.1975); see also Starling v. Union Pac. R.R., 203 F.R.D. 468, 482 (D.Kan.2001) ("it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there"). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is

unable to determine whether the evidence in question should be excluded." Hawthorne Partners, 813 F.Supp. at 1401.

## LAW AND ANALYSIS

**1. Report of Dr. Robert Holladay**

The Plaintiffs argue that this Court should issue a ruling prohibiting the Defendants from mentioning or introducing at trial "[t]he portion of the Iris Fair report by Dr. Robert Holladay, the retained defense medical examiner, that references vehicle speeds and studies involving rear end collisions, which is clearly outside the scope of his 'expertise' or specialty area which is orthopedics." [Record Document 46 at 1]. From this Court's review of the briefs, Plaintiffs do not seem to question Dr. Holladay's designation as an expert in the field of orthopedics. Defendants contend "[h]e is not being presented as a biomechanical engineer nor as an accident reconstruction expert; rather, he is a medical doctor who relies upon his own experience, in consultation with a variety of studies." [Record Document 49 at 2].

It appears that Plaintiffs' greatest objection to Dr. Holladay comes from the portion of his expert report that discusses so-called "peer reviewed articles" that explore the relationship between vehicle speeds and corresponding injuries. See Record Document 46-2 at 7. Dr. Holladay admits in his expert report that "[i]nformation available to me does not identify the speed of impact, or extent of damage to the vehicle the claimant was driving." [Record Document 46-2 at 7]. Nevertheless, Dr. Holladay goes on to discuss certain peer reviewed articles that opine "that at speeds of less than 7 miles per hour, it is not medically probable that any acute structural damage to the spine would have occurred." Id. Plaintiffs contend "Dr. Holladay's lack of training and expertise in biomechanics,

accident reconstruction, neurology, neurosurgery, and his admission that he was not provided any information with regard to the speed of impact, or extent of damage to the vehicle that claimant was driving, prevent him from competently testifying regarding the above referenced matters." [Record Document 46-1 at 3].

This Court disagrees. Plaintiffs do not question Dr. Holladay's credentials as an expert in the field of orthopedics. As an expert, Dr. Holladay will be allowed to opine at trial on the mechanisms of injury to parts of the body contained within the field of orthopedics. Furthermore, in regards to Dr. Holladay's reliance on "peer reviewed articles" discussing the relationship between vehicle speeds and corresponding injuries, this Court finds FED. R. EVID. 703 instructive ("If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted."). The Court is satisfied with the Defendants' stipulation that Dr. Holladay is not being offered as a "biomechanical engineer nor as an accident reconstruction expert." However, the Court alerts both parties that this is an issue that should be treated as a "go slow issue" when reached at trial. Plaintiffs may re-urge their motion at that time once the witness is before the Court and the Court can properly evaluate the bases of the expert witness's testimony to ensure that it is based upon information that is of a type reasonably relied upon by experts in the particular field. On the showing made in the motion, that determination cannot be made at this time. Therefore, Plaintiffs' motion in limine regarding Dr. Holladay's testimony is **DENIED**, but may be re-urged at the appropriate time during trial.

**"Independent" Medical Examination**

The Plaintiffs also request a ruling from this Court "preventing the defendants from making any reference or remark that the examination, report or work performed by Dr. Robert Holladay in this case constitutes an 'Independent Medical Examination' as opposed to a 'Defense Medical Examination.'" [Record Document 46-1 at 4]. According to the Defendants, "[i]t is not a secret that Dr. Holladay was hired by the defense, and there has never been any indication that these defendants wish to deceive the trier of fact . . . However, in the interest of fairness, defendants will agree to not refer to the independence of any practitioner, provided the plaintiffs do likewise." [Record Document 49 at 3-4]. From this Court's review of the briefs, there appears to be no agreement from the Plaintiffs. Therefore, this motion in limine is **GRANTED** as to the extent the defense's orthopedic expert does not appear to be "independent," just a retained medical expert.

**Damaged Sustained by Vehicle**

Plaintiffs seek to a ruling from this Court excluding from trial "[a]ny statement, invoice, receipt, or document of the property damage appraisals to either vehicle or other related documents in that there is no property damage claim at issue in this trial." [Record Document 46 at 1]. "It is anticipated that Defendants will attempt to offer evidence at trial concerning the damage to the vehicles and then argue that this was a minor fender bender or minor accident or impact with could not have caused serious injury to the plaintiffs." [Record Document 46-1 at 5]. Defendants' response does not clarify if they intend to present appraisals of the property damage. This Court has already ruled that some evidence of property damage is admissible, finding "his [Bart Allen–the driver of the truck that struck the Fair vehicle] testimony and the photographs of the vehicles are indeed

relevant to the issues in this case. This Court will not exclude the testimony of Bart Allen or the photographs of the vehicles involved in the subject accident." [Record Document 41 at 3-4]. It is unclear if Defendants seek to offer more than the testimony of Bart Allen and photographs of the accident. However, a recent line of cases in the State of Louisiana Court of Appeal, Second Circuit, which encompasses this Division, has found force-of-impact testimony is a relevant factor in determining causation or extent of injuries. Merrells v. State Farm Mut. Auto. Ins. Co., 764 So.2d 1182, 1185 (La.App. 2 Cir. 2000) and Peters v. Williams, 917 So.2d 702, 708 (La.App. 2 Cir. 2 2005). Therefore, at this time, this Court is unwilling to exclude evidence of the property damage and Plaintiffs' specific motion in limine is **DENIED**.

## CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiffs' Motion in Limine [46] is **DENIED IN PART AND GRANTED IN PART** as outlined above.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 3rd day of March, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE