Ant UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| IRIS FAIR, ET AL. | CIVIL ACTION NO. 09-2018 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BART ALLEN, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before this Court is a Motion for a Judgment Notwithstanding the Verdict, and in the Alternative, for Additur, or in the Further Alternative, For a New Trial (Record Document 87) filed by Plaintiffs, Iris Fair, Andrew Fair, and Anita Wright (the "Fair Plaintiffs"). The Defendants oppose the motions. [Record Document 91]. For the reasons discussed herein, the Plaintiffs' Motions are **DENIED**.

## FACTUAL BACKGROUND

On November 24, 2008, an automobile collision occurred on U.S. Highway 79 in Claiborne Parish, Louisiana. [State Court Petition ¶¶ 3-4]. Bart Allen was traveling northbound on U.S. Highway 79. His vehicle was directly behind the vehicle being driven by Iris Fair. [State Court Petition ¶ 4]. Bart Allen struck the rear of the vehicle driven by the petitioner, Iris Fair. Anita Wright (Iris Fair's adult daughter) was a guest passenger in the Fair Vehicle. [State Court Petition ¶ 4]. Iris Fair was stopped on U.S. Highway 79 to make a left turn onto West 4th Street at the time of the collision. [State Court Petition ¶ 4].

After motion practice, the issue of fault for the subject accident was resolved in Plaintiffs' favor. See Record Document 40. On March 25, 2011, after a five day jury trial, the jury rendered a verdict in favor of Iris Fair in the amount of $21,000.00 and in favor of

Anita Wright in the amount of $17,500.00. [Record Document 85]. The jury awarded no damages to Iris Fair's husband, Andrew Fair. [Record Document 85]. The Court subsequently issued a judgment memorializing that verdict. [Record Document 86].

**Judgment as a Matter of Law**[1]

"Plaintiffs submit that the jury verdict should be set aside and a judgment notwithstanding the verdict (JNOV) entered with respect to the issue of damages." [Record Document 87-1 at 2]. Plaintiffs cite to the Louisiana Code of Civil Procedure and its provisions that address JNOV's. See Record Document 87-1 at 2. However, the Federal Rules of Civil Procedure govern the required procedures for this motion.

If a party fails to move for judgment as a matter of law under Rule 50(a) on an issue at the conclusion of all of the evidence, he waives his right to file a *renewed* post-verdict Rule 50(b) motion. Flowers v. S. Reg'l Physician Servs., 247 F.3d 229, 238 (5th Cir. 2001). The technical failure to file a pre-verdict motion will be excused so long as, before the verdict is returned, the court had an opportunity to address, and the opposing party was alerted to, the sufficiency of the evidence issue. Serna v. City of Antonio, 244 F.3d 479, 482 (5th Cir. 2001).

This Court's review of the non-certified realtime transcript reflects that Plaintiffs at no time moved for a judgment as a matter of law at the conclusion of their case or at the conclusion of all of the evidence. Therefore, Plaintiffs have waived their right to file a

---

[1] See 9B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2537 (3d ed. 2010) ("The 1991 amendment of Rule 50 changed the terminology again so that the motion for judgment notwithstanding the verdict has become another form of the motion for judgment as a matter of law. In effect, the motion for judgment notwithstanding the verdict simply was recharacterized as a renewed motion for judgment as a matter of law.").

"renewed" post-verdict Rule 50(b) motion. It is further noted that the Court was never given the opportunity to address the sufficiency of the evidence. Plaintiffs' error is not merely technical. Even if the Court were to consider Plaintiffs' motion on its merits, it would fail. There was ample evidence to support the jury verdict.

**Motion for Additur**

"In the alternative, plaintiffs submit that the jury verdict is so inadequate that a new trial should be granted on the issue of damages only unless defendants enter an additur of such amounts as will correct the inadequacy of the verdict." [Record Document 87-1 at 2].

Additur, when damages are disputed, is prohibited under the Seventh Amendment. See Jones v. Wal-Mart Stores, Inc., 870 F.2d 982, 985 (5th Cir. 1989) (citing Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603 (1935)). The Fifth Circuit has spoken very forcefully on this point stating "The Seventh Amendment ... not only preserves the right to trial by jury but assures that 'no fact tried by a jury [ ]shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.'" Taylor v. Green, 868 F.2d 162, 164 (5th Cir. 1989) (quoting U.S. CONST. amend. VII). The Fifth Circuit went on to state "unless an award is so 'inadequate as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial, the jury's determination of the fact is considered inviolate.'" Id.

The Defendants dispute all of Plaintiffs damages and the Plaintiffs have failed to demonstrate that the juror's award shocks the judicial conscience or that an improper cause invaded the trial. Therefore, Plaintiffs' motion for additur must fail as a matter of law.

**Motion for a New Trial**

Plaintiffs further contend that if this Court fails to issue a judgment notwithstanding the verdict or an additur, then they are entitled to a new trial. See Record Document 87-1. Plaintiffs do not indicate an applicable Federal Rule of Civil Procedure, but the Court notes that Rule 59(a)(1) provides, in pertinent part:

> The court may, on motion, grant a new trial on all or some of the issues-and to any party-as follows:
> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court.

A district court "may in its discretion set aside a jury verdict and order a new trial if the amount of the verdict is excessive or inadequate." Jones v. Wal-Mart Stores, Inc., 870 F.2d 982, 986 (5th Cir. 1989). When a party requests a new trial on such grounds, the court should not grant the motion "unless the verdict is against the great [weight], not merely the preponderance, of the evidence." Id. In a diversity case such as the instant matter, "state law determines the type of evidence that must be produced to support a verdict but the sufficiency or the insufficiency of the evidence in relation to the verdict is indisputably governed by a federal standard." Id. (internal citations and quotations omitted). Under the federal standard, "all the evidence must be viewed in a light most favorable to the jury's verdict." Id. at 987. The verdict "must be affirmed unless the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary conclusion." Id.

"Plaintiffs submit that the damage awards for each plaintiff are insufficient as a matter of law and should be corrected." [Record Document 87-1]. Plaintiffs' brief attempts

nothing more than to relitigate the entire issue of damages. They argue the damage award is inadequate as a matter of law. The Court disagrees. The verdict, even though small compared to the claimed damages, was sufficiently supported by the credible evidence. Plaintiffs' Rule 59 motion for a new trial is denied.

## CONCLUSION

On December 30, 2010, after motion practice, the issue of fault for the subject accident was resolved in Plaintiffs' favor. See Record Document 40. The only issue tried by the jury was the issue of damages. The Court finds the evidence supports the verdict. The jury was presented with four days of evidence. The Plaintiffs' case alone lasted three days.

The jury did not issue their verdict lightly. They deliberated from 10:47 a.m. until 2:51 p.m. [Record Document 82]. The jury asked three questions. [Record Document 83]. Upon the request of both counsel, and against the standard practice of this Court, the jurors were allowed to review every medical record that all parties submitted as evidence, even though much of the medical evidence was not specifically discussed by the experts.

The jurors are the judges of the facts. The Court finds that in this instance the jurors did exactly what they were asked to do when they took their oaths. They evaluated and weighed all of the evidence. They determined the credibility of every witness. Together, they reached a unanimous verdict and awarded the Plaintiffs the amount of money damages they found the evidence supported. Clearly, the jury found that the minor impact "fender bender" in question did not give rise to the claimed $2.9 million in damages. This Court will not disturb the jury's verdict.

For the reasons assigned above,

**IT IS ORDERED** that Plaintiffs' Motion for a Judgment Notwithstanding the Verdict [Record Document 87] be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Additur [Record Document 87] be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for a New Trial [Record Document 87] be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 26th day of April, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE