UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

IRIS FAIR, ET AL.                    CIVIL ACTION NO. 09-2018

VERSUS                               JUDGE S. MAURICE HICKS, JR.

BART ALLEN, ET AL.                   MAGISTRATE JUDGE HORNSBY

---

**MEMORANDUM ORDER**

Before this Court is a Motion for Request for Written Reasons for Judgment by the Court on Plaintiffs' Post Trial Motions and Reconsideration of Judgment on the Issue of Court Costs (Record Document 89) filed by Plaintiffs, Iris Fair, Andrew Fair, and Anita Wright. The motions are opposed. [Record Document 91].

**Written Responses**

The Plaintiffs move "[t]hat this Honorable Court provide the plaintiffs with written reasons and supporting case citations for any ruling by the Court on Plaintiffs' Post Trial Motion for a Judgment Notwithstanding the Verdict, and in the Alternative, for Additur, or in the Further Alternative, for a New Trial." [Record Document 89 at 1]. Plaintiffs have provided no legal citations or cases requiring such written reasons. Regardless, the Court has already ruled in writing with assigned reasons denying Plaintiffs' pending post trial motions. Therefore, this motion is **DENIED AS MOOT**.

**Costs**

The Plaintiffs argue that the Court's Judgment requiring each party to bear its own costs was an "abuse of 'equitable' discretion." [Record Document 89 at 1]. They ask the Court to reconsider.

According to Federal Rule of Civil Procedure 54(d)(1):

> Unless a federal statute, these rules, or a court order provides otherwise, *costs--other than attorney's fees--should be allowed to the prevailing party*. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

FED. R. CIV. P. 54(d)(1)(2011) (emphasis added). However, a specific federal statute applies to diversity cases. 28 U.S.C. § 1332(b) states:

> Except when express provision therefor is otherwise made in a statute of the United States, *where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $75,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.*

28 U.S.C. § 1332(b)(2011).

In this case, the fault issue was decided after completion of discovery and pretrial motion practice. After the trial, Plaintiffs were awarded a total of $38,500.00 by the jury. In this instance, Plaintiffs were technically the prevailing party at trial, but as 28 U.S.C. § 1332(b) makes clear, since this case was before the Court on diversity jurisdiction and the jury award was below $75,000.00, the Court is accorded wide discretion in assigning costs. The Court could have actually imposed costs on Plaintiffs. However, the Court in its

discretion chose not to impose all costs on Plaintiffs. The Court stands by its original apportionment of costs. Plaintiffs' motion for reconsideration is **DENIED**.

For the reasons assigned above,

**IT IS ORDERED** that the Motion for Request for Written Reasons for Judgment by the Court on Plaintiffs' Post Trial Motions (Record Document 89) be and is hereby **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Motion for Reconsideration of Judgment on the Issue of Court Costs (Record Document 89) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 26th day of April, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE