Ant **UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| IRIS FAIR, ET AL. | CIVIL ACTION NO. 09-2018 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BART ALLEN, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before this Court are two Motions to Tax Costs (Record Documents 96 and 97) filed by Defendants, Bart Allen, Gator Sign Co., Inc., and Nationwide Mutual Ins. Co. (the "Defendants"). The Plaintiffs have filed an untimely opposition and have not sought leave to file an opposition out of time. [Record Document 101]. Despite these procedural failings, the Court will consider Plaintiffs' opposition. For the reasons discussed herein, the Defendants' Motions are **GRANTED**.

## FACTUAL BACKGROUND

On November 24, 2008, an automobile collision occurred on U.S. Highway 79 in Claiborne Parish, Louisiana. [State Court Petition ¶¶ 3-4]. Bart Allen was traveling northbound on U.S. Highway 79. His vehicle was directly behind the vehicle being driven by Iris Fair. [State Court Petition ¶ 4]. Bart Allen struck the rear of the vehicle driven by the petitioner, Iris Fair. Anita Wright (Iris Fair's adult daughter) was a guest passenger in the Fair Vehicle. [State Court Petition ¶ 4]. Iris Fair was stopped on U.S. Highway 79 to make a left turn onto West 4th Street at the time of the collision. [State Court Petition ¶ 4].

After motion practice, the issue of fault for the subject accident was resolved in Plaintiffs' favor. See Record Document 40. On March 25, 2011, after a five day jury trial,

the jury rendered a verdict in favor of Iris Fair in the amount of $21,000.00 and in favor of Anita Wright in the amount of $17,500.00. [Record Document 85]. The jury awarded no damages to Iris Fair's husband, Andrew Fair. [Record Document 85]. The Court subsequently issued a judgment memorializing that verdict and ordered each party to bear its own costs. [Record Document 86]. The Court subsequently affirmed its apportionment of costs in a separate memorandum order. [Record Document 93].

## LAW AND ANALYSIS

According to the Defendants,

> On November 23, 2010, defendants forwarded Offers of Judgment to plaintiff's counsel, in the sum of $100,001 for Iris Fair, and for an identical amount, $100,001 for Anita Wright. See attached letter, Exh A. The judgments rendered on March 28, 2011, reflecting the verdicts of the jury for Iris Fair and Anita Wright, were $21,000 and $17,500, respectively. Pursuant to FRCP 68, defendants prevailed on this offer, and as such, are entitled to recover certain costs incurred by them after that date.

[Record Document 97-1 at 1]. Defendants seek a total of $4,446.81 in costs from the time of the offers of judgment. [Record Document 97-1 at 3]. Plaintiffs argue that Defendants have failed to comply with the formalities of Local Rule 54.3, which states:

> [w]ithin 30 days after receiving notice of entry of judgment, unless otherwise ordered by the court, *the party in whose favor judgment is rendered* and who claims and is allowed costs, shall serve on the attorney for the adverse party and file with the clerk a notice of application to have the costs taxed, together with a memorandum signed by the attorney of record stating that the items are correct and that the costs have been necessarily incurred.

[Record Document 101 at 1] (emphasis added).  The Court disagrees.  Local Rule 54.3 applies to the prevailing party in a litigation.  In this instance, Defendants do not seek costs as a prevailing party under Local Rule 54.3, but instead under Fed. R. Civ. P. 68.

Fed. R. Civ. P. 68 states:

> (a) Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
> . . .
> (d) Paying Costs After an Unaccepted Offer. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree *must pay* the costs incurred after the offer was made.

Fed. R. Civ. P. 68(a) & (d) (emphasis added). "The language of Rule 68 is mandatory; where the rule operates, it leaves no room for district court discretion." Johnston v. Penrod Drilling Co., 803 F.2d 867, 869 (5th Cir. 1986).  Therefore, this Court has no choice but to award the Defendants their costs incurred post-offer of judgment.

For the reasons assigned above,

**IT IS ORDERED** that Defendants' Motions to Tax Costs (Record Documents 96 and 97) be and are hereby **GRANTED**.

The Clerk of Court is **DIRECTED** to review the bills of costs submitted by the Defendants for possible reduction of compensable costs.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 15th day of June, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE